Hon. A. M. Buchanan, ⎫
Hon. C. Voorhies, ⎪
Hon. J. L. Cole, ⎬ *Associate Justices.*
Hon. T. T. Land, ⎭

---

### STATE *v.* SLAVE CHARLES.

Where a slave was prosecuted under the Act of 1857, " relative to slaves," for having struck a white man, so as to cause the shedding of blood, and the jury acquitted him of any capital offence, but sentenced him to receive corporal punishment—*Held:* That the accused, in such a case, is not debarred the right of appeal ; and that Article 62 of the Constitution of this State, which grants the right of appeal in all criminal cases, where the offence charged is punishable with death, or imprisonment, at hard labor, does not make that right depend upon the nature of the verdict, or the punishment that may be inflicted by the jury, but upon the nature and punishment of the offence charged as fixed by law.

Section 28th of the Act of 1857, relative to slaves, empowers the court to inflict corporal punishment, only when the accused has not been *convicted* or *acquitted* of an offence punishable with death, and where a slave has been acquitted by the court of any capital offence, corporal punishment cannot be inflicted on him.

APPEAL from a Justice's Court of the Parish of Franklin.
F. P. *Stubbs*, District Attorney, for the State. *H. & J. H. Crawford*, for defendant and appellant.

Cole, J. The slave *Charles* was tried before a jury of two Justices of the Peace and ten slaveholders, in the parish of Franklin, charged with having willfully and maliciously struck his overseer, a white man, appointed by his owner, so as to cause a shedding of blood.

The verdict of the jury acquitted the prisoner of any capital offence, but sentenced him to receive corporal punishment.

The accused has appealed.

A motion has been made by the District Attorney to dismiss the appeal,.on the ground that this court is without jurisdiction, because the appellant was ac-

82

quitted of the offence punishable with death, or imprisonment at hard labor, and condemned to receive only corporal punishment by flogging, and that a fine exceeding three hundred dollars has not been actually imposed.

The Constitution of 1852, Article 62, gives appellate jurisdiction to this court over all criminal cases on questions of law alone, whenever the *offence charged* is punishable with death or imprisonment at hard labor, or when a fine exceeding three hundred dollars is actually imposed.

This Article does not render it necessary for the right of appeal, that the prisoner should be *found guilty* of an offence punishable with death, or imprisonment at hard labor. It is sufficient to authorize the appeal, that the offence charged against him is punishable with death, or imprisonment at hard labor.

The right of appeal equally exists, if the accused has been charged with an offence punishable with death or imprisonment at hard labor, and has been found guilty of an offence not so punishable, for Article 62 of the Constitution does not make the right of appeal depend upon the nature of the verdict or the punishment that may be inflicted by the jury, but upon the fact, whether the offence *charged* is punishable with death or imprisonment at hard labor.

The third section of the Act of 1857, (p. 229, Sess. Acts) punishes with death or imprisonment at hard labor for life, any slave who commits the crime with which the appellant was charged. It is true, that the 28th section of the same Act, (Sessions Acts, 1857, p. 232) declares, that in case the court shall not convict or acquit the accused of an offence punishable with death, it shall have the power to decree the infliction of such corporal punishment as it may consider deserved by the prisoner.

This section does not deprive the appellant of the right of appeal, for the offence charged was punishable with death or imprisonment at hard labor for life.

The motion to dismiss the appeal is, therefore, overruled.

The verdict and judgment of the court and jury are illegal.

Section 28th, already quoted, empowers the court to inflict corporal punishment only when the court "*shall not convict* or *acquit*" the accused of an offence punishable with death.

In this case, the verdict of the jury was as follows :

" We, the court and jury, empannelled for the trial of *Charles*, a slave, acquit him of any capital offence, and from motives of policy and not from the justice of the case, sentence him to receive one hundred and fifty-four lashes by the Sheriff, but not so as to break the skin of the said slave, on the first Monday of September, A. D. 1859."

As, then, the jury acquitted the prisoner of an offence punishable with death, it had not the right to inflict corporal punishment.

The French text of section 28th, agrees with our construction of the English text : " Néanmoins si la cour ne condamne, ni n'aquitte l'esclave accusé d'un crime entrainant la peine de mort, elle aura le pouvoir de lui infliger tout chatiment corporel qu'elle jugera avoir été par lui mérité."

The idea of the legislator seems to have been, that when the evidence was such that the jury were of opinion that the accused was not absolutely guilty of the offence charged, but, still, that he had committed an offence which ought to be punished in a lighter form, than by death or hard labor, that then they should have the right to inflict corporal punisment.

The form of the verdict ought to have been in substance, that they neither

acquit nor convict the accused of the offence charged, but from the nature of the evidence, it is proper to inflict certain corporal punishment, and accordingly sentence the accused to receive a certain amount of corporal punishment, specifying the same.

The 9th section of the Act of 1855, to regulate the mode of procedure in criminal proceedings relative to free persons, (Sess. Acts of 1855, p. 173, § 9,) is somewhat similar to section 28 of the Act of 1857, for it declares, that if upon the trial of any person for any crime or misdemeanor, it shall appear that the facts given in evidence amount in law to some other offence, he shall not, by reason thereof, be entitled to be acquitted of the offence charged.

It is, therefore, ordered, adjudged and decreed, that the verdict and judgment of the court and jury from which this appeal is taken, be amended as follows, to wit, that the portion thereof which sentences the slave *Charles* to receive corporal punishment, to be inflicted by the Sheriff, be avoided and reversed; and that the verdict and judgment so amended be affirmed, and that the slave *Charles* be discharged.